IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,331-02






EX PARTE JESUS DAVID SANCHEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 01-CR-200-G IN THE 404TH DISTRICT COURT


FROM CAMERON COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of
four counts of aggravated sexual assault and punishment was assessed at confinement for
twenty-three years and a $5,000 fine. This conviction was affirmed on appeal, Sanchez v.
State, No. 13-02-453-CR (Tex. App. - Corpus Christi, delivered August 6, 2004, no pet.)

 Applicant contends that his trial counsel was ineffective in failing to challenge
counts in the indictment which were barred by limitations or which alleged acts which did
not constitute an offense at the time they were committed. Applicant also contends his
convictions in two of the counts were for acts which were not defined as offenses until
after they were committed. The trial court has entered an order designating issues to be
resolved, but the district clerk has erroneously submitted this application before the court
has entered any findings of fact.

 The trial court has determined that additional facts need to be developed, and we
agree. This cause is remanded to the trial court for resolution of those issues.

 Following the receipt of additional information the trial court should make
findings of fact as to: whether any counts of the indictment were barred by limitations
and, if so, whether counsel objected to those allegations prior to trial; what evidence
supporting any barred counts was presented at trial; whether counsel objected to evidence
supporting any counts barred by limitations; whether any such evidence was otherwise
admissible; whether counsel made any objections to indictment counts V and VII; and
whether any evidence was presented that the acts alleged in those counts either occurred
after August 31, 1997 or involved penetration of the complainant's mouth rather than
mere contact. The trial court should also make any further findings of fact and
conclusions of law which it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application for post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing any affidavits, exhibits, or transcription of the court reporter's notes
from any evidentiary hearing, along with the trial court's supplemental findings of fact
and conclusions of law, shall be returned to this Court within 120 days of the date of this
order. (2) 




DELIVERED: December 7, 2005

DO NOT PUBLISH

1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.